UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CHARLES RUDOLPH, )
)
    *Petitioner*, )
)
v. ) Nos. 2:09-cr-31; 2:13-cv-38-RLJ-DHI
)
UNITED STATES OF AMERICA, )
)
    *Respondent*. )

## MEMORANDUM OPINION

Federal inmate Charles Rudolph brings these counseled expedited and supplemental expedited motions vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Docs. 1151, 1235 and 1245).[1] The motions are reviewed under 28 U.S.C. § 2255(a), which permits a federal prisoner to make a motion to vacate, set aside, or correct a judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Petitioner was convicted, pursuant to his guilty plea, of conspiring to distribute and possess with the intent to distribute at least fifty (50) grams of cocaine base ("crack"), in violation of 21 USC §§ 846, 841(a)(1) and (b)(1)(A) (Doc. 783). He was

---

[1] Docket number citations in this opinion refer to petitioner's criminal case (No. 2:09-cr-31).

sentenced, on October 7, 2010, to the statutory mandatory minimum sentence of 120 months. Petitioner is asking the Court to set aside his sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. 11-220, 124 Stat. 2372 (2010) ["FSA"] and *Dorsey v. United States*, 132 S. Ct. 221 (2012)

The FSA, enacted on August 3, 2010, amended 21 U.S.C. § 841 to require larger quantities of crack cocaine to trigger mandatory minimum sentences. Even where the offense conduct occurred prior to that date, federal defendants who were sentenced on or after that date receive the benefit of the FSA's lowered minimum mandatory punishment. *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012) (finding that the FSA's "new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders"). Petitioner's position is that he is no longer subject to the ten-year sentence imposed, but instead to the more lenient penalties called for in the FSA.

The United States has filed a response, conceding that the FSA, through *Dorsey*, lowered petitioner's Guidelines range and waiving any reliance on § 2255's statute of limitation because petitioner filed his § 2255 motion within one year after *Dorsey* was issued (Doc. 1223). While noting that a change in the Guidelines range does not automatically entitle a petitioner to relief under § 2255, the United States points out that the Court may modify petitioner's sentence, without conducting a formal resentencing and defers to the Court's discretion, as guided by the sentencing factors in 18 U.S.C. § 3553(a), as to whether to modify petitioner's sentence.

As applicable to this case, the FSA increased the threshold for the ten-year mandatory minimum sentence from fifty (50) grams to two-hundred and eighty (280)

2

grams of crack cocaine. At the time of petitioner's sentencing, this Court applied the pre-FSA mandatory minimum because the conduct giving rise to the conviction occurred prior to the enactment of the FSA. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) (holding that pre-FSA penalties apply to conduct committed prior to the FSA's enactment).

According to the plain language of *Dorsey*, petitioner was not subject to the ten-year mandatory minimum term of imprisonment, since his case did not involve the required minimum 280 grams of crack cocaine. Instead, petitioner was subject to a statutory range of 5 to 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B)

Petitioner argues that since he has remained in custody since May 11, 2009, and without consideration of Amendment 782, he has likely served in full his amended Guidelines range under the FSA. That range, both parties agree, is 70 to 87 months imprisonment, to be followed by four years of supervised release.[2] As of March 11, 2015, petitioner will have served 70 months imprisonment, without accounting for any sentencing credits which petitioner may be awarded for good behavior. [Even under petitioner's original 120-month sentence, petitioner's scheduled release date is January 20, 2018 (Doc. 1151, Petr.'s § 2255 expedited motion at 3).]

---

[2] This is the method by which that range was calculated. The sum of the drug quantities involved in petitioner's offense (152.4 grams of crack cocaine and 42.5 grams of cocaine powder) converts to 552.72 kilograms of marijuana equivalent. That figure (552.72 kilograms of marijuana equivalent) yields a base offense level of 28, which is reduced by three points for acceptance of responsibility, leading to a total offense level of 25. The total offense level of 25, with petitioner's criminal history category of III, results in an advisory Guidelines range of 70-87 months' imprisonment.

3

Case 2:09-cr-00031-RLJ-MCLC Document 1269 Filed 02/19/15 Page 3 of 4 PageID #: 4531

The Court has carefully considered the § 2255 motions, the parties' arguments, the § 3553(A) factors, and the just disposition of the motions. Accordingly, in view of the government's waiver of any objections under the particular facts and circumstances of this case, the Court will **GRANT** petitioner's § 2255 motions (Docs. 1151, 1235, and 1245), and will enter an order amending the judgment to reflect a time served sentence of imprisonment, pursuant to the FSA and *Dorsey*.

**ENTER:**

*/s/ Leon Jordan*
LEON JORDAN
UNITED STATES DISTRICT JUDGE

4

Case 2:09-cr-00031-RLJ-MCLC   Document 1269   Filed 02/19/15   Page 4 of 4   PageID #: 4532